# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN L. RODRIGUEZ, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-240-LPS |
| CONNECTION HEALTH CARE, et al., | : |
| Defendants. | : |

John L. Rodriguez, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 9, 2017
Wilmington, Delaware



**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff John L. Rodriguez ("Plaintiff"), an inmate housed at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this case pursuant to 42 U.S.C. § 1983 raising medical needs claims. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Before the Court are Plaintiff's motions for a temporary restraining order/preliminary injunction. (D.I. 16, 26)

## II. BACKGROUND

On January 5, 2017, Plaintiff filed a motion for injunctive relief claiming that he is denied medical and mental health treatment. (D.I. 16) Plaintiff makes no specific request, but it appears he seeks medical care. Defendants oppose the motion on the grounds that Plaintiff cannot meet the requisites for injunctive relief. (D.I. 23) Plaintiff filed a second motion for injunctive relief on March 7, 2017. (D.I. 26) The motion seeks medical and mental health treatment, and is basically a reply to Defendants' opposition.

## III. STANDARDS OF LAW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable

1

caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV.   DISCUSSION

Medical records and grievances indicate that Plaintiff is receiving medical and mental health treatment. (*See* D.I. 23, Carr Decl., D.I. 26 at Exs. A-C) In 2016, Plaintiff was evaluated by outside urologists on at least two occasions, underwent medical procedures, received medical, and follow-up care. He undergoes mental health sessions, and he is prescribed psychotropic medication. He is also prescribed pain medicine. Finally, he has received dental care and was referred to an oral surgeon.

The record does not demonstrate the likelihood of success on the merits. Nor is there an indication that at the present time, Plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the Court will deny Plaintiff's motions for a temporary restraining order/preliminary injunction. (D.I. 16, 26)

## V.   CONCLUSION

For the above reasons, the court will deny Plaintiff's motions for a temporary restraining order/preliminary injunction. (D.I. 16, 26)

An appropriate Order follows.

2